FILED
2015 Apr-09  PM 03:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE U.S. DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| CHAD COLEMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NUMBER: ) ) _____ ) |
| LVNV FUNDING, LLC, | ) JURY TRIAL DEMANDED ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Chad Coleman ("Coleman") files this complaint against LVNV Funding, LLC ("LVNV"), for violation of the Fair Debt Collection Practices Act and for malicious prosecution. In support thereof, Coleman alleges as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Coleman is a natural person residing in Jefferson County, Alabama.

2. Defendant LVNV ("Atlantic") is a Delaware limited liability company with its principal place of business at 625 Pilot Road, Suite 3, Las Vegas, Nevada 89119.

3. This Court has subject matter jurisdiction over this case under 28 U.S.C. §1331 because it arises under a federal statute, 15 U.S.C. §1692k. The

Court has supplemental jurisdiction over Coleman's state law claims pursuant to 28 U.S.C. §1367(a).

4. This Court has personal jurisdiction over Defendant LVNV because (1) the events that are the basis of this lawsuit occurred in Alabama and because (2) LVNV regularly conducts business in the state of Alabama.

5. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

6. Coleman is a "consumer" within the meaning of that term under 15 U.S.C. §1692a(3).

7. LVNV is a "debt collector" within the meaning of that term under 15 U.S.C. §1692a(6). LVNV is engaged in the business of collecting debts incurred, or alleged to be incurred, for personal, family or household purposes.

8. In or around 2007, Coleman purchased new windows from Sears for installation at his residence.

9. Coleman purchased the windows using a Sears Home Improvement in-store credit account. Sears offered the account through Citibank.

10. When the windows were delivered, they were not as promised.

11. Coleman refused to pay Sears for the goods in light of its failure to deliver them as promised. Sears and Citibank did not pursue payment for the windows because they knew that Sears had breached its contract with Coleman.

12. On July 28, 2014, LVNV Funding filed suit against Coleman in the Circuit Court of Jefferson County, Alabama.

13. LVNV's lawsuit claimed that it had purchased Coleman's account from Citibank and that he now owed it $11,122.72 based on breach of contract and account stated.

14. Coleman answered the lawsuit and sought additional information concerning the basis of LVNV's claim through discovery.

15. In its discovery responses, LVNV revealed that it had failed to conduct even a basic inquiry into what basis, if any, it had for making a claim against Coleman.

16. Among other things, LVNV admitted that they did not have a copy of the agreement that was purported to be the basis of its breach of contract claim, could not even identify what state's law governed its claims, and could not say whether Citibank had ever even made a demand on Coleman for the disputed payment. *See* Ex. A [Plaintiff's November 5, 2014 Answers and Objections to Defendant's Discovery Requests], pp. 6-7.

17. On information and belief, LVNV does not have procedures reasonably adapted to determining whether the "debts" it purports to purchase are valid even though the creditors who sold those accounts, including Coleman's account, refuse to warrant that they are valid debts. On information and belief, LVNV purposely refrains from adopting such procedures because such efforts would cost time and money, it knows that an inquiry would cause it to affirmatively learn that many of the accounts that it purchases are legally unenforceable, and it knows that many consumers, who are typically underprivileged and do not understand the legal system, will simply default if it files suit rather than attempting to fight the company's lawyers.

18. Shortly after answering Coleman's discovery, LVNV voluntarily abandoned and dismissed its suit with prejudice. The Defendant knew its lawsuit was without merit.

19. The Defendant's lawsuit attempted to collect on a debt that was barred by the statute of limitations.

20. The Defendant attempted to collect on amounts that were not due.

21. Defendant commenced this suit without an intent to prosecute its claims.

22. Coleman has been damaged as a result of LVNV's wrongful acts and omissions described above. Those damages include, but are not limited to, the

invasion and interference with Coleman's right to be free from abusive debt collection practices, causing Coleman anger, anxiety, fear, and other mental anguish, and various costs and expenses incurred as a result of or in response to the LVNV's wrongful acts, including costs he incurred to hire an attorney to defend him against the LVNV's claims.

23. At all times pertinent to the allegations of this Complaint, LVNV acted by and through its duly authorized agents, employers, servants attorneys, or other legal representatives, all of whom acted within the line and scope of such agency, employment, service, or representative capacity. Alternatively, the LVNV adopted, affirmed, and /or ratified the acts or omissions of their agents, servants, employees, attorneys, or legal representatives as its own with regard to the allegations of this complaint.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *ET SEQ.*
## [LVNV FUNDING]

24. LVNV used false, deceptive, and misleading representations in an attempt to collect purported debts from Coleman. Those misrepresentations include, but are not limited to: (1) that Coleman owed a debt to LVNV or owed a debt in the amount claimed, (2) that Coleman's debt was legally enforceable despite the fact it was time-barred, (3) that LVNV intended to pursue legal action

against Coleman, and/or (4) that LVNV had or could obtain evidence that Coleman owed the debt.

25. LVNV has a pattern and practice of filing such suits on time-barred debt, with no intention of proving its claims, based on its knowledge and belief that the majority of people it sues will simply settle its claims, regardless of their merit, or will default.

26. LVNV's conduct identified above violated the applicable provisions of the FDCPA, including 15 U.S.C. §1692e.

27. LVNV used unfair and/or unconscionable means in an attempt to collect the alleged debt from Coleman. LVNV's unfair and/or unconscionable means include, but are not limited to: (1) intentionally refraining from doing any investigation into the validity of this and the other "debts" it purchased before filing suit because it knows that such inquiry will cause it to learn that many such debts are legally unenforceable, (2) filing suit on a time-barred debt, and (3) filing suit against Coleman on a claim that it knew it had no intent to prove at trial.

28. LVNV has a pattern and practice of filing such suits, with no intention of proving its claims, based on its knowledge and belief that the majority of people it sues will simply settle its claims, regardless of their merit, or will default.

29. LVNV's conduct identified above violated the applicable provisions of the FDCPA, including 15 U.S.C. §1692f.

6

30. LVNV's violations detailed above were done intentionally and with knowledge.

31. As a result of LVNV's violations of the FDCPA, Coleman has been damaged. Coleman is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fee pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION

## MALICIOUS PROSECUTION

32. LVNV filed its action against Coleman without probable cause.

33. LVNV filed its claims willfully, wantonly, and out of malice. LVNV knew that (1) it was so uninformed concerning even the most rudimentary facts of its purported claim against Coleman that it did not even know which state's law governed, (2) it had no intention of procuring such evidence, and (3) it would not be able to procure such evidence if the cases went to trial. Instead, it intended to use the threat of legal action to extort payments from Coleman.

34. LVNV dismissed its claims with prejudice rather than try its purported claims because it knew it could not prove those claims.

35. Coleman suffered damages as a result of Defendant's actions, including, but not limited to, out-of-pocket costs, mental anguish, anger, anxiety, and fear.

WHEREFORE, Coleman demands judgment against Defendants awarding the following relief:

A. Actual, compensatory and consequential damages, including mental anguish damages, in such an amount as the trier of fact determines;

B. Statutory damages pursuant to 15 U.S.C. §1692 *et seq.*;

C. Punitive damages in such amount as the trier of fact determines;

D. Such interest as allowed by law;

E. The costs of this suit, including plaintiff's reasonable attorney's fee; and,

F. Such additional relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Matt Carroll*
One of the Attorneys for Plaintiff,
Chad Coleman

**OF COUNSEL:**

F. Inge Johnstone
Matt Carroll
JOHNSTONE CARROLL LLC
One Independence Plaza Drive, Suite 520
Homewood, Alabama 35209
Telephone: 205-383-1372

## JURY DEMAND

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY FOR ALL CLAIMS SO TRIABLE.

/s/ Matt Carroll
One of the Attorneys for Plaintiff,
Chad Coleman